**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 22-2642

---

JEREMIAH MOORE, SR.,
Appellant

v.

MONTGOMERY COUNTY DISTRICT ATTORNEY OFFICE; KEVIN R. STEELE; RICHARD H. BRADBURY, JR.; SCOTT FANK FRAME; KATHLEEN A. MCLAUGHLIN; MAGISTRATE DISTRICT COURTHOUSE 38-1-12; EDWARD C. KROPP, SR.; GREGORY SCOTT; BOROUGH HALL POLICE DEPARTMENT; CRAIG A. JOHNSON; JAMIE O'NEILL; MARK BOYCE; PENNSYLVANIA BOARD OF PROBATION AND PAROLE; REBECCA SHIVES; MICHAEL K. WARD; SCOTT K. WOOLF; ESCAILLAS HEARING EXAMINER; DONALD HEARING EXAMINER; COMMONWEALTH OF PENNSYLVANIA

---

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-02880)
District Judge: Honorable Juan R. Sánchez

---

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2023
Before: JORDAN, CHUNG, and NYGAARD, Circuit Judges

(Opinion filed: September 14, 2023)

OPINION[*]

PER CURIAM

Jeremiah Moore, proceeding pro se and in forma pauperis, appeals an order of the District Court dismissing his complaint. For the following reasons, we will affirm.

Moore filed a complaint pursuant to 42 U.S.C. § 1983, alleging that he was arrested, incarcerated, and deprived of his property in violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments and in contravention of the Universal Declaration of Human Rights.[1] The District Court screened the action under 28 U.S.C. § 1915(e) and dismissed it for failure to state a claim upon which relief may be granted.

We have jurisdiction pursuant to 28 U.S.C. § 1291[2] and exercise plenary review over a District Court's sua sponte dismissal of a complaint under § 1915(e). Dooley v.

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Moore named a variety defendants, including the Commonwealth of Pennsylvania; the Montgomery County District Attorney's Office, Montgomery County District Attorney Kevin R. Steele, and Assistant District Attorneys Richard H. Bradbury, Jr., Scott Frank Frame, and Kathleen A. McLauguin (the "Prosecutor Defendants"); "Magisteral District Court 38-1-12"; Judges Edward C. Kropp, Sr., and Greggory Scott (the "Judicial Defendants"); "Borough Hall Police Department"; Pottstown Police Officers Craig A. Johnson, Jamie O'Niell, and Mark Boyce (the "Police Officer Defendants"); Pennsylvania Board of Probation and Parole; Parole Agents Rebecca Shives and Michael K. Ward, Pennsylvania Parole Board Acting Secretary Scott K. Woolf, and Parole Board Hearing Examiners "Escaillas" and "Donald" (the "Parole Board Defendants").

[2] The District Court's order—which dismissed some claims with prejudice and some

Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (cleaned up). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Moore's appellate brief does not meaningfully present any issues for us to review. As a pro se appellant, Moore is afforded liberal construction of his pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). But the failure to raise an issue in an opening brief, even by pro se parties, renders it forfeited. See Emerson v. Thiel Coll., 296 F.3d 184, 190 n.5 (3d Cir. 2002). To properly present an issue to the Court for review, a litigant's opening brief must include, among other things, a statement of the issue, the legal argument explaining why the district court decided the issue incorrectly, and the facts and legal authorities supporting that argument. See Fed. R. App. P. 28. Moore's brief, by contrast, includes only a short "statement of the case," without any legal or factual analysis, legal authorities, or argument explaining why the District Court's decision was erroneous. This type of presentation is inadequate. See Higgins v. Bayada Home Health Care Inc., 62 F.4th 755, 763 (3d Cir. 2023).

---

claims without prejudice—is appealable because Moore declared his intent to stand on his complaint. See Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (concluding that the plaintiff stood on her complaint because she filed a notice of appeal rather than amending within specified time period, then argued that the allegations in her complaint were sufficient).

Nevertheless, we have examined the District Court's rulings and determine that they were proper. For instance, Moore's claims against the Judicial and Prosecutor Defendants, which principally focused on the actions that they took in their judicial and prosecutorial capacities, were barred by immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The Commonwealth of Pennsylvania is also immune from suit under the Eleventh Amendment and has not waived that immunity as to lawsuits in federal court. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 309–10 (3d Cir. 2020). Similarly, the Magisterial District Court, as a part of Pennsylvania's Unified Judicial System, shares in the Commonwealth's immunity and is not considered a "person" subject to liability under § 1983. See Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000). Likewise, although local governmental units may constitute "persons" against whom suit may be brought under § 1983, see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978), municipal police departments are governmental sub-units that are not distinct from the municipalities of which they are a part, see Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n.4 (3d Cir. 1997), and thus may not be separately sued under § 1983. The Pennsylvania Parole Board is also not a cognizable § 1983 defendant for money damages, see Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977), and the Parole Board Defendants were entitled to immunity from claims for damages related to the exercise of their adjudicatory duties, see Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986).

The District Court was also correct to dismiss the claims against Officers O'Niell and Johnson, as Moore did not state plausible claims of false arrest, false imprisonment, unreasonable search and seizure, or conspiracy. See Iqbal, 556 U.S. at 678; United States v. Kithcart, 134 F.3d 529, 531 (3d Cir. 1998) (explaining that the constitutional validity of a search incident to arrest depends on the constitutional validity of the arrest); Zinermon v. Burch, 494 U.S. 113, 127–28 (1990) (explaining that due process generally requires notice and a hearing before a person is deprived of property).

For the foregoing reasons, we will affirm the District Court's judgment.